This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. A-1-CA-36989**

**DAMIEN MACIAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Kea W. Riggs, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Damien Macias appeals from a judgment and sentence rendered pursuant to a plea. We previously issued a notice of proposed summary disposition

in which we proposed to dismiss. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

{2} As we previously observed, a guilty or no contest plea generally operates as a waiver of the right to appeal the resultant conviction(s) and sentence. *State v. Chavarria*, 2009-NMSC-020, ¶ 16, 146 N.M. 251, 208 P.3d 896 ("[T]he constitutional right to appeal is waivable, and a defendant who knowingly, intelligently, and voluntarily pleads guilty, waives the right to appeal his conviction and sentence."). In his memorandum in opposition Defendant tacitly acknowledges this principle, [MIO 1-2] but maintains that the sentence should be subject to challenge on appeal because it "exceeded what [he] believes was allowed by the plea agreement." [MIO 1] However, the sentence is clearly within the range specified in the plea agreement, [RP 66-67, 79-80] and in any event, Defendant's argument is not jurisdictional. *See State v. Rudy B.*, 2010-NMSC-045, ¶ 13, 149 N.M. 22, 243 P.3d 726 (observing that "a plea agreement is simply a contract between the [s]tate and an accused that affects the rights of the parties but not the court's jurisdiction"). Accordingly, we remain unpersuaded that the argument is properly before us. *See id.* ¶¶ 9-10, 18 (observing that appellate review of a sentence is limited to jurisdictional errors where a defendant

does not challenge the validity of a plea agreement itself, and ultimately dismissing an appeal under analogous circumstances).

{3}    Finally, to the extent that Defendant seeks to withdraw his plea, [MIO 1-2] that question appears to remain pending before the district court [RP 179], and we remain unpersuaded that it is properly before us. *See State v. Trammell*, 2016-NMSC-030, ¶ 15, 387 P.3d 220 (observing, in a case where the defendant moved to withdraw his plea six years after the entry of the judgment and sentence, that the motion might have been properly treated by the district court as a petition for habeas corpus relief under Rule 5-802 NMRA; and thus, when the district court ruled on the motion, the ensuing appeal should have been to the Supreme Court).

{4}    Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

{5}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**

3

_____
**JENNIFER L. ATTREP, Judge**